MOSES BROOKS v. THE STATE.

CRIMINAL LAW. *Indictment. Proof of ownership.* In an indictment for receiving stolen goods, there must be proof showing a property, either general or special, in the person charged in the indictment to be the owner.

FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, J.

ATTORNEY GENERAL HEISKELL for the State.

QUARLES & THOMA, } M. M. BRIEN, Sr., } for Brooks.

McFARLAND, J., delivered the opinion of the court.

Moses Brooks was convicted of receiving certain cotton knowing it to have been stolen, which in the indictment is charged to have been the property of J. R. Hagar. The proof is, that the cotton was in the house of Tim Dodson, on whose place it was raised by W. H. Huat. Huat's wife occupied a room in Dodson's house, Dodson, so far as appears, having possession of the balance of the house, as he slept there. The cotton was in a garret over the room occupied by Mrs. Huat. Mrs. Huat filed a bill against her husband for divorce, and had an attachment, under which the sheriff went to the premises and indorsed a levy upon certain property, among other things the cotton. The sheriff did not see the

cotton, nor was he in the room where it was, nor does it appear whether the door was open, or whether he could have had access. After he had endorsed his levy, he gave to J. R. Hagar a bill of the articles levied on, and told him to take charge of it. There is nothing to show that Hagar had possession, either actual or constructive. The cotton was afterwards stolen.

We have not been disposed to be very strict upon questions of this character; yet there must be proof showing a property, either general or special, in the person charged in the indictment to be the owner. It will not do to disregard this requirement altogether, and we are of opinion that the proof in this particular fails in the present case.

We do not see that there was such an actual seizure of the property by the sheriff as to make it a valid levy or vest him with the title, and that Hagar had no property either general or special, or did he have possession.

Reverse the judgment.