### STATE v. JAMES MATTHEWS.

*Indictment--Burglary--Wife's Separate Property.*

While a husband and wife live together, the husband has a special property as bailee in the wife's separate personal property which is in common use by them ; *Therefore,* in an indictment for burglary, where certain goods alleged to have been stolen, were the separate property of A's wife, and were charged in the indictment as the property of A ; *Held* not to be error.

(*State* v. *Wincroft,* ante, cited and approved.)

INDICTMENT for Burglary, tried at Spring Term, 1876, of ROBESON Superior Court, before *McKoy, J.*

The bill of indictment charged the defendant and Andy Wincroft with breaking and entering into the dwelling house of Joseph G. Baxley, with intent to commit a felony. The defendants were tried separately, and the facts in this case are substantially the same as in the preceding case.

Under the charge of the Court below, the jury rendered a verdict of guilty. Judgment. Appeal by defendant.

*Attorney General*, for the State.
*Mr. W. McL. McKay*, for the defendant.

RODMAN, J. The prisoner after conviction moved for a new trial for the following reasons:

1. That the indictment charged the felony to have been committed on 1 January, 1875, when the evidence showed it to have been committed on 4 December, 1875.

It is familiar learning that this variance is immaterial.

2. That the indictment charged that the house was the property of J. G. Baxley, and that the bed-quilt and one pair of pants and one shirt were of the goods and chattels of said Joseph G. Baxley, when the evidence was that the bed-quilt and shirt were the property of his wife, and were her's before her marriage in 1875.

As the evidence is not set out, it is impossible to say whether it proved the articles to have belonged to the husband or to the wife. And if the pants were proved to have been stolen, and they were the property of the husband, it would sustain the indictment. If all the articles had been the separate property of the wife, inasmuch as the husband and wife were living together in the house, and in the common use of the articles, they were properly alleged to be the property of the husband. *State* v. *Wincroft*, at this term.

These exceptions are clearly untenable. The exception taken to the instructions of the Judge is too general and does not specify any error. The Judge gave substantially the instructions prayed for. We see no positive error in those which he gave, although they appear to us meagre, and not likely to have been of much service to the jury. We would probably do an injustice to the Judge, if we as-

sumed that what is sent up to us, is a full report of his charge.

We have carefully examined the record and see no error in it.

There is no error. Let this opinion be certified.

PER CURIAM.                            Judgment affirmed.