6L 571
1pi 551

SHELBY WILCOX and PAT BURNEY *v.* THE STATE.

CRIMINAL LAW. *Same offenses.* Defendants were convicted of robbery from the person of Thomas Wengler and sentenced to fifteen years' imprisonment in the penitentiary; from this judgment they did not appeal. They were also further indicted for an assault upon the person of Thomas Wengler with intent to commit murder in the first degree, growing out of the offense of the robbery. Under a plea of former conviction and not guilty, they were tried and convicted. *Held:* The assault or violence in the robbery case being an essential element or ingredient of the offense and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case as a material part thereof, it cannot be again punished under an indictment for assault with intent to commit murder.

FROM MONTGOMERY.

Appeal in error from the Criminal Court of Montgomery county. W. A. MILLIKEN, Sp. J.

J. E. RICE for Wilcox and Burney.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiffs in error were convicted at March term, 1880, of the criminal court of Montgomery county, for an assault upon Thomas Wengler, with intent to commit murder in the first degree. At the preceding January term of said court they had been convicted of robbery from the person of said Thomas Wengler, and were sentenced to fifteen years' imprisonment in

the penitentiary. From this judgment they did not appeal, but have appealed from the judgment at the March term, 1880.

In the first named case, however, they pleaded their former conviction in the robbery case, along with the plea of not guilty.

His Honor said to the jury in his charge: "You have heard all the proof. You have heard witnesses testify that the prosecutor, Wengler, was assaulted and robbed, and you have seen from the record, that a former jury has tried and convicted them for this robbery. Now, do the facts in this case make out two separate crimes—two distinct offenses—can you so separate the different points in the testimony? Do they materially so separate themselves that you can see in them two separate crimes? *Can you eliminate from the whole proof, those facts which are and were necessary to make out the crime of robbery,* of which these prisoners have been convicted, and remain satisfied that separate and apart from these facts, proof enough still remains to convict them of this assault with intent to commit murder?"

His Honor also instructed the jury, if "*all the evidence* necessary to make out the robbery *would* be *necessary* to make out the murderous assault, then there is really but one offense, and to punish these persons again would be to punish them twice." Although the part of the charge last quoted implies that to sustain the defense of former conviction, it is necessary that *all the evidence* to make out the one offense is required to make out the other, yet, in the part of

the charge first quoted, the jury are correctly instructed in effect that the proof must show facts to make the offense of intent to murder, other than those essential to the conviction for robbery, and this instruction is repeated in another part of the charge.

Robbery is defined to be, "the felonious taking of property from the person of another by force": 3 Greenl. Ev., sec. 223.   Or, as defined by our statute, "Robbery is the felonious and forcible taking from the person of another, goods or money, by violence or putting the person in fear": Code, sec. 4631.

The prosecutor, upon the trial, testified to a violent and dangerous assault made upon him by the defendants, and he stated also on his cross-examination, that he had testified to the same facts upon his examination in the previous trial of defendants on the charge of robbery.   It was for the assault at the time of the robbery, that the conviction was had in this case. Force and violence were proved in each case, and were alike essential in both to sustain a conviction. It was one continuous transaction, in which defendants perpetrated a robbery, by violence, dangerously wounding the prosecutor.   Being one transaction, the prosecutor may carve as large an offense out of it as he can, but it is said "he must cut only once": 1 Bish. Cr. L., secs. 804, 891.

In Fiddler v. The State, 7 Hum., 508, defendant had been convicted for running a horse race upon a public road and fined.   He was afterwards convicted for betting on the same race.   This court, upon appeal, reversed the judgment, holding the running of the race

was a necessary ingredient in the offense charged, and the party has been punished for that offense and cannot be punished again, although the offense is different. See also *State* v. *Chaffin*, 2 Swan, 493. And in 3 Heis., 78, it was held, upon an indictment for failure to pay over revenue, an acquittal on an indictment for its embezzlement was a bar, the court holding that the failure to pay over was evidence of conversion, and the acquittal upon the charge of conversion is a bar to the prosecution for failing to pay into the treasury.

The assault or violence in the robbery case being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case as a material part thereof, it cannot be again punished, as it would be if the judgment below were allowed to stand.

The error was not so much in the charge of the court as in the failure of the jury to find that they could not eliminate the facts establishing the robbery, and still have facts enough to sustain the charge of assault with intent to murder.

The judgment of the criminal court must be reversed.