## NOAH COLLINS *v.* THE STATE.

CRIMINAL LAW. *Larceny.. False pretense.* Where goods are obtained by stratagem, artifice or fraud, it is larceny where the owner intends to part only with the temporary possession, for a limited time or specific purpose, retaining the ownership in himself, and it is obtaining goods by false pretense where the owner intends to part with the property absolutely.

### FROM MADISON.

Appeal in error from the Common Law Court of Madison county. T. C. MUSE, J.

CARUTHERS & MALLORY for Collins.

E. L. BULLOCK for the State.

DEADERICK, C. J., delivered the opinion of the court.

Collins was convicted in the law court of Madison county, of petit larceny, upon an indictment of two counts, one for larceny and the other for obtaining goods under false pretenses.

The verdict for larceny was a virtual acquittal of the charge of obtaining goods on false pretenses. The facts show that Collins got money of Moses Clanton, to be used in buying medicine for him, Clanton. Although larceny may be committed by obtaining goods from the owner by stratagem, artifice or fraud, it must be a case in which the owner intended to part only with the temporary possession for a limited specific purpose, and not to part with the property absolutely: 3 Greenl. Ev., sec. 160. Thus obtaining silver money which was to be replaced by gold, was no larceny: *Id.* Because it was not intended or expected that the specific thing obtained was to be returned. And this constitutes the distinction, where goods are obtained by stratagem, etc., between larceny and obtaining goods by false pretenses. In the latter case the owner intends to part with his property absoluely and convey it to the prisoner. To constitute larceny, however, the owner must intend to part only with the temporary possession for a limited and specific purpose, retaining the ownership in himself: *Id.* As for example, if one obtain a horse by stratagem,

by loan or hire, to be returned, and ride him off and sell him, with intent to deprive the owner of him, this would be larceny.

In this case Moses Clanton let the defendant have the money to buy medicine and parted with it absolutely, not intending that the money was to be returned to him, so that he did not retain the title of the money in himself, but expected to get some other thing in its place, and it is for stealing the money he is convicted. This transaction would be more near the definition of obtaining goods under false pretenses than of larceny, but of the former offense defendant was acquitted. No motion in arrest of judgment was made, but a motion for a new trial was entered and overruled.

The evidence does not sustain a verdict of guilty of larceny, for the facts proved do not make a case of larceny, and the judgment must, therefore, be reversed.