TOMMIE JONES AND CLAYTON BASS *v.* THE STATE.

(*Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

R. E. DODSON, for plaintiff in error.

NAT. TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a conviction of larceny of chickens. We find no preponderance of the evidence against the finding that the chickens were stolen by Jones and Bass. The credibility of the witnesses was primarily for the jury and trial Court, who accepted the testimony of the State as to the identity of the accused.

The chief insistence here is that, while the indictment averred that Luke Thompson was the owner, and that the chickens were taken from his possession, the proof showed that (1) the ownership was in his wife and that (2) hers was a joint ownership only with one Coble.

As to the second point, it is well settled that it is sufficient to charge the property as belonging to any one or more of several joint owners. Shannon's Code 7090; 1932 Code 11635; *Chapple* v. *State*, 124 Tenn., 113; *Lowry* v. *State*, 113 Tenn., 220.

The testimony of Luke Thompson as to his ownership and possession was that "the chickens on his place were his property," and, on cross-examination, "that he did not own the chickens in question except that he was the husband of Mrs. Luke Thompson and whatever was hers was his."

The general rule is thus stated in 36 C. J. at page 838: "It is usually held that, where the stolen property, although owned by the wife, is used for domestic purposes, such as the furniture and furnishings of the family dwelling house, domestic animals, or a vehicle used by the

family, or where the article, although her exclusive property, is stolen from the family dwelling house, the husband, as head of the family, has such an interest therein and possession thereof as will support an indictment laying the ownership of the property in him; and the same rule applies where the husband has the possession, management and control of the property, as the agent or bailee of his wife, such as a crop raised by him on her land or a herd of cattle given him by her to graze.''

In 17 R. C. L. p. 72, it is quite aptly said that, ''The exact state of the title of stolen property is of no particular concern to the thief, except that it must have been in someone else; hence evidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee, trustee, or otherwise having only a special interest, and not a general ownership of the property.''

In *Parker* v. *State,* — Fla., —, 78 So. 980, 2 A. L. R., 350, following *Kennedy* v. *State,* 31 Fla., 428, it was held that the ownership of the wife's property could be laid either in the husband or wife where they were living.together; in her, because of her legal ownership, and in him, because of his special ownership as custodian. Other cases cited in the note in 2 A. L. R., beginning on page 352, sustaining this rule, are *Petre* v. *State,* 35 N. J. L., 64; *State* v. *Wincroft,* 76 N. C., 38, *State* v. *Matthews,* 76 N. C., 41; *State* v. *Jackson,* Houst. Crim. Rep. (Del.), 561; *Commonwealth* v. *Williams* (Mass.), 7 Gray, 337.

The cases in which the averment of ownership in the husband has been declared insufficient are mainly those (1) where the husband and wife were living apart and (2) where the wife held the property as a separate estate. Here they lived together on his property and

their domestic fowls were apparently held for their joint use. No element of a separate estate in the wife is indicated. It is a matter of common knowledge that married couples living together harmoniously rarely preserve distinctions of ownership as between themselves touching household effects, animals and fowls, commonly consumed in the course of their living. It would be difficult in many instances to fix definitely and technically a distinction in legal title. It can be of no interest or concern to the thief to have established such a distinction.

While we are cited to no Tennessee decisions directly in point, the holding in *Hill* v. *State,* 1 Head., 453, tends to support the rule as above stated. Our cases cited for plaintiff in error are not *contra. Brooks* v. *State,* 64 Tenn., 608, merely holds that, "there must be proof showing the property, either general or special, in the person charged in the indictment to be the owner;" and *State* v. *Missio,* 105 Tenn., 222, is authority for the rule only that "some ownership of the property" must be shown.

We are of opinion that the requirement of an averment of ownership of the stolen property in an indictment for larceny is met where, under facts such as here appear, the property is laid in either the husband or the wife. All such information as is of concern to the accused is thus afforded.

Affirmed.