JESSE WATSON

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

JAMES P. BROWN, Knoxville, for plaintiff in error.

DAVID M. PACK, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

The only error assigned by Watson on this, his appeal from a conviction of armed robbery, is that

"the Court erred by overruling his motion for a directed verdict of not guilty, because the state failed to prove that the money taken in the robbery was the property of Ruby E. Witt as alleged by the indictment".

Mrs. Witt testified that she did "operate a grocery store" and had in her employ "I only have one boy". While she was alone in this store on the occasion in question, the defendant entered and, after attacking and cutting her with a knifelike instrument, he forced her to take $135 from the cash register and place it in his pocket. She was then forced to lie on the floor of the store during his departure.

Assuming, in so far as it applies to this case, that the above undisputed evidence is insufficient evidence of absolute ownership by Mrs. Witt of this money, it is in that event, however, proof of the possession by her as agent or bailee of the owner.

■ In *Hill v. State*, 38 Tenn. 453, 455, the indictment alleged the stolen bank notes to be in Bates, a constable, who had collected notes for Hall. Hall told him to leave the money with Mrs. Bates and he would call for it. The money was stolen while thus in her possession. In holding that there was no variance, as a matter of law, between the allegation of the indictment that ownership was in Bates and the evidence that the true ownership was in Hall and possession in Bates' wife by direction of Hall, the Court, after stating that the possession of the wife was the possession of her husband, the constable, who had a special property therein, stated the law thus:

"* * * It is well settled, that whenever a person has a special property in a thing, or holds it in trust for another, the property may be laid in either. As for instance, goods left at an in, or entrusted to a person for safekeeping, or to a carrier to carry."

In *Jones [& Bass] v. State,* 166 Tenn. 102, 104, 59 S.W. 2d 501, this Court quoted approvingly from 17 R.C.L., page 72, as follows:

"The exact state of the title of stolen property is of no particular concern to the thief, except that it must have been in someone else; hence evidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee, trustee, or otherwise having only a special interest, and not a general ownership of the property."

The rule of law just stated, and so well established, illustrates the fact that if this indictment had charged Watson with larceny only, then the allegation of ownership of this money in Mrs. Witt would have been sufficient,

if it be assumed that the actual ownership was in some other person. This is because, in any event, she was in possession as agent or bailee of that owner.

■ "Robbery is but an aggravated larceny". *Crews & Crenshaw v. State,* 43 Tenn. 350, 353. Therefore, any allegation of ownership of the property stolen which is sufficient under an indictment for larceny so as to not be a variance or is sufficient proof of the allegation of the indictment is, by the same token, sufficient in an indictment for robbery.

■ There is, therefore, no variance, as a matter of law, between the allegation of the indictment as to ownership of this property being in Mrs. Witt and the proof that she was in possession thereof as agent or bailee of the true owner, if that owner be some other person than she. Such proof is sufficient to satisfy the allegation of the indictment that she was the owner.

The plaintiff-in-error relies upon *Crews & Crenshaw v. State* hereinabove cited in support of one point as authority for his, the plaintiff-in-error, insistence that there is a variance, or, at least, insufficient proof. Upon that point, in the Crews & Crenshaw case there was a variance between the allegation of the indictment and the evidence because that evidence disclosed that the property taken was neither owned by, nor in possession of, the one in whom ownership was alleged. The case is not in point in support of the proposition for which it is thus cited.

Affirmed.