Melvin M. STAFFORD, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Jan. 25, 1972.

Certiorari Denied by Supreme Court
June 5, 1972.

————◆————

Keith V. Moore, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

JOHN D. TEMPLETON, Special Judge.

Melvin M. Stafford was charged in a three count indictment in the Criminal Court of Shelby County with the larceny of automobile tires and wheels worth more than $100.00 and with receiving and concealing the same. He was convicted on the second count, receiving, and sentenced to serve three years in the penitentiary. He has appealed in error on the ground there was a fatal variance between the allegations of ownership in the indictment and the proof. We find no error and affirm.

His three assignments of error complain that the Court erred in failing to dismiss the indictment because it alleged ownership of the property in, "Poplar Dodge Company, a corporation", while the proof failed to show that the alleged owner was a corporation and showed further that ownership was in Chrysler Corporation. The only proof in the record on these subjects is the testimony of Gerald B. Leatherwood, General Manager of the business entity referred to, "Poplar Dodge", as it is commonly called in Memphis.

In response to a question, "Is Poplar Dodge a corporation, Sir?", Leatherwood replied, "Yes Sir, it's a company." The answer is an affirmative one. It shows further that the witness regards a corporation and a company as the same thing. This is in keeping with the fact that the terms are used interchangeably. Black's Law Dictionary, 4th Ed., Corporation, Page 412. Under our law when the name of the firm is proved to be Poplar Dodge Company it is presumed to be a corporation in the absence of other proof. Pemiscot County Bank v. Nat. Bank, 135 Tenn. 13, 185 S.W. 702 (1916).

Leatherwood's testimony shows that the tires and wheels were stolen off of automobiles belonging to Chrysler Corporation, not Poplar Dodge. However, Chrysler had delivered and entrusted the cars to Poplar Dodge for delivery to Chrysler regional representatives. The cars had been on the premises and in the exclusive charge of Poplar Dodge about a week when the theft occurred. So, Poplar Dodge Company had a special ownership as agent, bailee or trustee although the general ownership was in Chrysler Corporation.

It has been held since early in our history that under such circumstances ownership can be laid in either party and there will be no fatal variance. Thus, one who held another's horse for safekeeping could be called the owner in the indictment. Owen v. State, 25 Tenn. 330 (1845). Or a constable who had collected money for another. Hill v. State, 38 Tenn. 454 (1858). Or a common carrier transporting another's goods. State v. Missio, 105 Tenn. 218, 58 S.W. 216 (1900). Or a husband

whose wife's chickens were stolen. Jones v. State, 166 Tenn. 102, 59 S.W.2d 501 (1933). Or one who is in possession of money not proved to belong to her. Watson v. State, 207 Tenn. 581, 341 S.W.2d 728 (1960). And one who is in possession of an item as an implied bailee. Campbell v. State, 2 Tenn.Cr.App. 39, 450 S.W.2d 795 (1970).

The assignments of error are overruled and the judgment is affirmed.

GALBREATH, and MITCHELL, JJ., concur.