Richard A. **FIEDLER** and James E. Ervin, Plaintiffs-in-Error,

v.

**STATE** of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 11, 1972.

Certiorari Denied by Supreme Court April 3, 1972.

**815**

---

Roger E. Jenne, Cleveland, for Fiedler.

Robert A. Scott, Cleveland, for Ervin.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Earle G. Murphy, Asst. Dist. Atty. Gen., Cleveland, for defendant in error.

## OPINION

DWYER, Judge.

Richard A. Fiedler and James E. Ervin appeal from the judgment pronounced on the jury's finding of guilt for committing the offense of grand larceny. Fiedler's punishment was fixed at not less than three years nor more than ten years confinement in the State Penitentiary. Ervin's punishment was fixed at not less than three nor more than six years confinement in the State Penitentiary. The wife of Ervin received the same judgment and sentence as he did but is not before this court.

Defendants assign error contending that there was a variance between the ownership alleged in the indictment and proof of ownership as developed at the trial. In other words, the trial court erred in overruling their motion for a directed verdict and their motion for a new trial urging there was a failure to prove one of the requisites to the offense of larceny, a trespass against the owner.

The facts reveal that around 3:00 a. m. on the morning of February 27, 1971, a detective of the Cleveland City Police Department observed a camper truck leave the Stepp's Camper Service lot. His attention was particularly called to the camper truck because its windshield was foggy and because of the hour of the morning. He turned his unmarked car around to follow the camper truck, and noticed a passenger car proceed from the lot and start following his car. He turned on a revolving blue light on his dashboard and sounded the siren in efforts to stop the camper truck. After these efforts failed, the camper truck was entrapped by other squad cars that had responded to radio calls from the pursuing officer. The driver of the camper truck was Fiedler and Ervin was identified as the driver of the car. There were tools found in the camper truck and a police officer testified they were the types used in stealing vehicles. The ignition switch to the camper truck had been pulled from the dashboard. When the officer stopped at the arresting scene Ervin grabbed him and pulled him out of the squad car, stating, "Why did you try to run me off the road?" Mrs. Ervin appeared and started cursing, which resulted in her arrest. At headquarters, in an effort to establish identification, a Delta Airline ticket issued to Fiedler on February 25, 1971, reflecting passage from Chicago to Chattanooga, was found in Mrs. Ervin's purse. The proof reflects that the president of Stepps, Inc. testified that the camper truck was in the custody of his company for servicing. In other words, the indictment alleges ownership in this corporation when, actually, the owner was an individual. This is the main insistence of defendants.

In Vol. 52A C.J.S. Larceny § 99b, pp. 573, 574, the following language may be found:

"In a prosecution for larceny, an allegation of ownership of stolen goods is supported by proof of any legal interest or special property in them, although less than the absolute title, as where the person named as owner is in lawful possession as bailee, . . ."

In Watson v. State, 207 Tenn. 581, 341 S.W.2d 728, the following language may

be found, quoting from Jones [& Bass] v. State, 166 Tenn. 102, 104, 59 S.W.2d 501, citing 17 R.C.L., page 72:

"The exact state of the title of stolen property is of no particular concern to the thief, except that it must have been in someone else; *hence evidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee,* trustee, or otherwise having only a special interest, and not a general ownership of the property." (Emphasis added.)

■ The indictment allegation was adequately descriptive to prevent the defendant from being put in jeopardy for the same offense twice. It was developed by the proof that the bailee (Stepp's corporation) had a special interest in the camper truck by it being in the company's possession for servicing. Therefore, the proof meets the necessary averment of ownership alleged in the indictment, and there was a trespass by the taking against the bailee, Stepp's corporation. The assignments pertaining thereto are overruled.

The next two assignments pertain to the contention contained in the first assignment, which we have found to be meritless. They are that the trial court erred in overruling their motion for a new trial on the insufficiency of the evidence, and that the trial court failed to direct a verdict of acquittal. We have held the allegations as to ownership and the proof matching the allegation were sufficient in law. These two assignments are accordingly overruled.

It follows then that the error propounded as to the trial court denying the special request submitted pertaining to ownership of the property has also been preempted by our treatment of their first assignment. The charge, as given by the trial court, fully, adequately and correctly contained the law pertaining to larceny and proof pertaining to ownership. When the charge accurately covers the law, it is not error for the trial court to refuse the request. See Dezarne v. State, Tenn.Cr.App., 470 S.W.2d 25.

■ In conclusion, in viewing the sufficiency of the evidence, the defendant has the burden in this court to show that it preponderates against his guilt. See Haas v. State, Tenn.Cr.App., 455 S.W.2d 634. In this record the trial court charged the jury on the law pertaining to aiding and abetting. We note the officer related that when he was following the camper truck he noticed the car following him had come from Stepp's Camper Service lot. This car was driven by Ervin. The officer related that the car followed him during the pursuit, that he had his blue light on and siren operating, and that Ervin pulled him from his police vehicle. The statement of Ervin to him about being run off the road has been rejected by the verdict of the jury. Fiedler's airplane ticket from Chicago to Chattanooga the day before the theft, found in the purse of Mrs. Ervin, are facts and circumstances upon which the jury could and did conclude that the Ervins were aiding and abetting in this theft, and were therefore principals. The defendants have not carried the requisite burden in this court to show a preponderance of the evidence against their guilt *and in favor of their innocence.* The verdict and judgment are amply supported by the evidence. The assignments are overruled.

The judgments of the trial court are affirmed.

RUSSELL and MITCHELL, JJ., concur.