Rex Carroll McBEE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Dec. 10, 1974.

Certiorari Denied by Supreme Court
June 2, 1975.

Walker Gwinn, Memphis, for plaintiff-in-error.

Milton P. Rice, Atty. Gen., Robert H. Roberts, Advocate Gen., Nashville, Don A. Dino, Asst. Dist. Atty. Gen., Memphis, for defendant-in-error.

## OPINION

DWYER, Judge.

Rex Carroll McBee, plaintiff-in-error, referred to herein as the defendant, appeals in the nature of a writ of error his convictions at consolidated trial for committing the offenses of robbery with a deadly weapon, see T.C.A. § 39–3901, with resulting punishment of confinement for 18 years, assault to commit murder in the first degree, see T.C.A. § 39–604, with punishment of confinement for not more than 5 years, and confinement for 8 years on a kidnapping conviction, see T.C.A. § 39–2601. The trial court ordered the sentences to be served consecutively. The public defender's office of Shelby County has seasonably perfected this appeal.

In order to evaluate the usual assignment of error relating to the sufficiency of the evidence, we will narrate the facts as found from our review of this record.

A corporal in the Marine Corps, Glen A. Ashcraft, was security guard for the Marine Corps Reserve facilities located in Memphis on the evening hours of February 19, 1973. He was armed with a .45 caliber automatic pistol in keeping with his duties. On making his security rounds he was startled to come upon the defendant in the gymnasium of the complex. The defendant was armed with a .30–06 rifle which he pointed at the corporal and commanded him to drop his pistol. The corporal grabbed the barrel of the rifle, it discharged, and the bullet struck him in the right shoulder. The defendant then disarmed the corporal and commanded him to turn over his keys and to turn the alarm system off in the building. The defendant then tried to make entry into the armory, where many weapons were stored, but was unable to do so.

As these events were transpiring, several people entered the complex in order to use the gym facilities for basketball practice. The defendant threatened one of these people and commanded him to tell the others that the game had been called off and transferred elsewhere. This person was allowed to leave the gym, and after a lapse of time he and the coach of the team called the commanding officer who informed the police of the shooting of Corporal Ashcraft.

Meanwhile, the corporal was ordered at gunpoint to leave the complex and commanded to enter his car. The defendant then drove him to an isolated area where he was ordered from the car. When he noticed the defendant leveling the pistol at him, he began to run. He tripped and fell and the defendant fired a shot at him. The pistol jammed and the defendant then ordered the corporal into the trunk of his car. The defendant drove off and later abandoned the car. The corporal managed to kick the back seat out of the car and escape from the trunk. He knocked at an apartment house door seeking help, as a result of which the police were notified. The defendant was arrested some time later in Detroit.

At the trial the defendant acknowledged being in the complex stating that he climbed the fence and entered the complex by a back door. He denied any intent to rob the facility or to take the pistol for any purpose other than to disarm the corporal. He further testified that he had no intent to shoot the corporal, but that when the corporal grabbed the rifle this act caused it to discharge.

There is further proof, offered by the state in rebuttal, through the girl friend of the defendant, that he told her he wanted to get some rifles from the Marine Reserve to sell.

We think the facts as narrated sustain the verdict of armed robbery and the verdict of assault to commit murder in the first degree. We disagree with the defendant's contention, in both instances, that

there is not found the necessary intent to sustain these convictions. The proof is clear that the defendant, armed, and by force, took the pistol from the corporal. This act consummated the offense of robbery, which is but an aggravated larceny. See *Watson v. State*, 207 Tenn. 581, 584, 341 S.W.2d 728. We see no reason to disturb the jury's finding that in furtherance of the defendant's intent to steal weapons for sale he took and converted to his own use the .45 caliber pistol from the corporal.

Further, we find that the proof is sufficient to sustain the conviction of assault with intent to commit murder in the first degree. The victim testified that he was taken to an isolated area and ordered to walk in front of the defendant, that when he saw the defendant leveling the pistol at him he started to run and tripped and as he fell the defendant fired a shot at him. We think this deliberate attempt to shoot the victim supports the jury's finding that it was the intent of the defendant to shoot the victim. We think the act of leveling and firing the pistol at the victim is a fact from which the jury inferred premeditation.

Under the rule concerning an attack on the evidence at the appellate level, defendant is before this court under a presumption of guilt and carries the burden of showing that the evidence preponderates against his guilt and in favor of his innocence, see *McBee v. State*, 213 Tenn. 15, 19, 20, 372 S.W.2d 173. This he has not done. The assignments attacking the sufficiency of the evidence are overruled.

The defendant next advances the theory that the assault to commit murder in the first degree and the robbery convictions are one since they are the result of a single episode, one intent, and one transaction. The argument is that when the essential elements for both are predicated on violence, then only one conviction can be had, see *Wilcox v. State*, 74 Tenn. 571, 574. We do not disagree with the Wilcox holding. However, where, as here, the assault to

murder shooting of the corporal took place at an isolated area totally different in locale from that of the robbery, they are separate offenses, see *State v. Cook*, Tenn.Cr.App., 479 S.W.2d 823, 827, 828. The same transaction rule as argued here is not the law in Tennessee, see *Duchac v. State*, Tenn., 505 S.W.2d 237, 239. We accordingly hold that, under these facts, there were two separate offenses for which two convictions and two punishments may be had. Further, the elements necessary for the offense of kidnapping have been made out; that is, that he was secretly confined, and carried away against his will when he was taken to the isolated area. See T.C.A. § 39–2601; *McCracken v. State*, Tenn.Cr.App., 489 S.W.2d 48, 52. The assignments are accordingly overruled.

Under our treatment of the foregoing assignment, that there were separate convictions with permissible separate punishments, we find no abuse of the trial court's discretion in ordering the sentences to be served consecutively, see T.C.A. § 40–2711; *Wooten v. State*, Tenn.Cr.App., 477 S.W.2d 767, 768. The assignment is overruled.

He next contends that the judgments should be modified to reflect a minimum punishment in the assault to commit murder in the first degree conviction and the kidnapping conviction. It is clear, under the provisions of the indeterminate sentence law, see T.C.A. § 40–2707, that the minimum punishment for the offense becomes part of the judgment whether the judgment recites it or not, see T.C.A. § 40–2708; *Leek v. State*, 216 Tenn. 337, 345, 392 S.W.2d 456. However, "on appeal," the judgment is corrected to show the minimum and maximum, see *Davis v. State*, 1 Tenn. Cr.App. 479, 498, 445 S.W.2d 933. The judgment is modified to reflect the punishment for the conviction of assault to commit murder in the first degree at not less than three years nor more than five years. The judgment for committing the offense

of kidnapping is modified to reflect confinement for not less than two years nor more than eight years.

The judgments as to assault with the intent to commit murder in the first degree and kidnapping, as modified, are affirmed. The judgment on the robbery with a deadly weapon conviction is affirmed.

MITCHELL and RUSSELL, JJ., concur.