**STATE of Tennessee, Plaintiff-Appellee,**

v.

**Alonzo S. GIPSON, Defendant-Appellant.**

Supreme Court of Tennessee.

Sept. 6, 1983.

Walker Gwinn, Asst. Public Defender, Memphis, for defendant-appellant.

Jerry L. Smith, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

OPINION

BROCK, Justice.

The defendant was indicted and convicted of the offense of petit larceny and sentenced to sixty days imprisonment in the Shelby County Correctional Center. The Court of Criminal Appeals affirmed the judgment of the trial court and we granted the defendant's application for permission to appeal to consider the question whether or not the evidence supports the conviction of larceny.

At about 9:30 one night the defendant walked into the Steak 'N Egg Kitchen in Memphis and ordered six eggs, six slices of bacon and two orders of french fried potatoes. In regular course the food was prepared and served to the defendant who consumed it. The waitress presented to the defendant the bill for $7.50, whereupon, the defendant informed the waitress that he was unable to pay the bill; instead, he wrote his name, address and telephone number upon the bill and left the premises, stating that he would shortly return with money and pay his bill. The manager of

the restaurant immediately telephoned police who apprehended the defendant within minutes a short distance from the restaurant. He was found to have only $0.55 on his person. The defendant admitted having ordered and eaten the food but stated that he intended to pay for the same and was on his way to obtain $10.00 with which to pay the bill when he was arrested. He confessed, however, that he had not counted the amount of money on his person before ordering the food.

By motion for acquittal made at the end of the State's proof and again at the conclusion of all of the proof and in his motion for a new trial, the defendant consistently raised the defense that larceny was not made out because no felonious. taking had occurred and that if any offense at all had been shown it could only be obtaining property by false pretenses, as defined in T.C.A., § 39–3–901.

"Larceny is the felonious taking and carrying away the personal goods of another, and is either grand or petit." T.C.A., § 39–3–1101.

"(a) Any person, who, by any false pretense, or by any false token or forfeit or counterfeit letter, with intent to defraud another, obtains from any person any personal property, services, labor, or the signature of any person to any written instrument, the false making of which is forgery, shall, on conviction, be punished as in the case of larceny.

"(b) The words 'false pretense' include all cases of pretended buying, borrowing, or hiring, bailment or deposit, and all cases of pretended ownership, where the person obtaining possession intended, at the time he received the property, feloniously to steal the same." T.C.A., § 39–3–901.

The distinction between larceny and obtaining property of another by false pretenses has been well stated as follows:

"The distinction between the crimes of obtaining by false pretenses and larceny lies in the intention with which the owner parts with the property; if the owner, in parting with the property, intends to invest the accused with the title as well as

the possession, the latter has committed the crime of obtaining the property by false pretenses, provided the means by which it is acquired are such as in law are false pretenses, but if the intention of the owner is to invest the accused with the mere possession of the property, and the latter, with the requisite intent, receives it and converts it to his own use, the crime is larceny." 35 C.J.S. 805, *False Pretenses* § 3 and cases there cited (1960).

"The character and nature of the crime depend upon the intention of the parties. The intention of the owner not to part with his property when relinquishing possession is, in this class of cases, the gist and essence of the offense of larceny and the vital point on which the crime hinges and is to be determined. The correct distinction in cases of this kind seems to be that if by means of any trick, fraud, or artifice the owner of property is induced to part with the possession only, still meaning to retain the right of property, the taking by such means, where the requisite felonious intent is present at the time, will amount to larceny, whereas if the owner parts with not only the possession of the goods but the right of property in them also, the offense of the party obtaining them will not be larceny, but the crime of obtaining goods by false pretenses." 50 Am.Jur.2d at 158–59 *Larceny* § 7 (1970).

This very same distinction between larceny and obtaining goods by false pretenses was recognized and declared by this Court in *Collins v. State*, 83 Tenn. 68, 69 (1885) in which this Court stated:

"Although larceny may be committed by obtaining goods from the owner by stratagem, artifice or fraud, it must be a case in which the owner intended to part only with the temporary possession for a limited specific purpose, and not to part with the property absolutely: .... And this constitutes the distinction, where goods are obtained by stratagem, etc., between larceny and obtaining goods by false pretenses. In the latter case the owner in-

tends to part with his property absolutely and convey it to the prisoner. To constitute larceny, however, the owner must intend to part only with the temporary possession for a limited and specific purpose, retaining the ownership in himself."

 Thus, the question becomes whether or not the right of property, or "title," in the food in the instant case passed to the defendant when he was served. Obviously, the restaurant did not surrender the food to the defendant temporarily; it never expected to receive the food back from him. All that the restaurant expected was to be paid for the food; a debt was created; the restaurant had no further interest in the food itself. Clearly, in the language of *Collins v. State, supra,*

> "... the owner intend[ed] to part with his property absolutely and convey it to the prisoner. To constitute larceny, however, the owner must intend to part only with the temporary possession for a limited and specific purpose, retaining the ownership in himself." 83 Tenn. at 69.

We conclude that the evidence does not make out the offense of larceny for which the defendant stands convicted. The evidence presented shows one of two things, depending upon the intent of the defendant. If, at the time he ordered and consumed the food, he had no criminal intent to not pay for the same but was acting out of inadvertence, not realizing that he was without funds sufficient to pay for the meal, nothing but a civil debt was created. On the other hand, if at the time the defendant ordered and consumed the food he was aware of the fact that he was without funds for which to pay for the same but, nevertheless, proceeded, impliedly, to falsely pretend that he was buying the food and would pay for it, the case was one of "pretended buying" and he was guilty of obtaining personal property and services by false pretenses, the offense proscribed by T.C.A., § 39–3–901.[1]

Evidence which might have sustained a charge of obtaining property by false pretenses does not sustain the charge of larceny. In this State these offenses are separate and distinct.

The judgment of the Court of Criminal Appeals and that of the trial court are reversed and this case is remanded to the trial court with directions to set aside the judgment and enter a judgment of not guilty. Costs incurred upon appeal are taxed against the State.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., Concur.

1. We note that by enactment of Chapter 789, Acts of 1982, (Adjourned Session) the General Assembly has dealt specially with the subject of obtaining restaurant service and food by false pretenses. These new legislative provisions are codified as part of T.C.A., § 62–7–107. Of course, these new statutory provisions were not in effect at the time the facts in the instant case occurred and thus have no application to this case.