**STATE of Tennessee, Appellant,**

v.

**Daniel William MAXWELL, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 10, 1984.

Permission to Appeal Denied by Supreme Court April 2, 1984.

Douglas A. Trant, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Wayne E. Uhl, Asst. State Atty. Gen., Nashville, J. Mikel Dixon, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The trial judge, pre-trial, quashed the indictment in this case on the basis of a fatal variance. The state appeals from the judgment.[1] The judgment of the trial court is reversed, and this case is remanded for further proceedings.

The indictment alleged the defendant committed an armed robbery and took United States currency from Mary Bowman. The evidence would show that Mary Bowman was not the owner of the money but a clerk on duty at the Colony Motel where the money was taken and that the money was owned by the motel.

■ The trial judge erroneously ruled that this was a fatal variance. The Courts of this state have repeatedly held that if the person from whom goods are stolen holds them in trust for his employer, such person has a special ownership in the goods, and an indictment which lays the ownership in such person will not result in a fatal variance when the proof shows the actual owner of the property to be another person or a company. *Watson v. State,* 207 Tenn. 581, 341 S.W.2d 728 (1960); *Harrell v. State,* 593 S.W.2d 664 (Tenn.Cr.App. 1979); *Moorman v. State,* 577 S.W.2d 473 (Tenn.Cr.App.1978).

■ The trial judge was of the opinion that the indictment was defective because the allegation could constitute two offenses if the defendant took the money of the motel and the goods of Mary Bowman. This is not the case. When an accused robs the clerk or employee of an establishment in one episode and takes the goods of the clerk and the goods of the employer, only one crime is committed. *State v. Henderson,* 620 S.W.2d 484 (Tenn.1981); *State v. Grooms,* 653 S.W.2d 271 (Tenn.Cr.App. 1983).

DUNCAN and DAUGHTREY, JJ., concur.

---

1. We note that a considerable amount of judicial and legal effort could have been avoided had the state merely obtained another indictment after the trial judge dismissed the one in this case rather than pursue an appeal. There would have been no double jeopardy problem created by such action.