STATE of Tennessee, Appellee,

v.

Raymond Lee HURLEY, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 27, 1986.

Permission to Appeal Denied by Supreme Court June 2, 1986.

Jim Weatherly, Public Defender, Gary Mason Jones, Sr. Asst. Public Defender (At trial and on appeal), Kennetha Sawyers, Asst. Public Defender, (At trial only), Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Jack Seaman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

SCOTT, Judge.

■ The appellant was convicted of robbery accomplished by the use of a deadly weapon and received a life sentence in the state penitentiary to be served consecutively to a prior sentence for a federal conviction. On appeal he has presented two issues. In the first he questions whether the trial judge erred by overruling his motion that he be provided with funds to obtain a transcript of certain civil proceedings.

Prior to trial the appellant filed a motion seeking authorization from the trial court to expend the funds necessary in order to obtain a transcript of the evidence presented in a lawsuit in which Doug Kent sued Marshall Barnes, the victim in this case, for the value of some diamonds which the victim had on consignment from the owner. Apparently, it was contended in that case that the victim negligently lost the diamonds when the appellant took them from him. According to the statements of counsel at the hearing on the motion, the case was heard in the Chancery Court of Davidson County on August 24, 1983, and a judgment was entered against Mr. Barnes.

The appellant argued that this transcript "could contain potentially exculpatory information" and that somehow collateral estoppel might preclude criminal proceedings against him. The trial judge denied the motion.

The appellant relies on the case of Ake v. Oklahoma, — U.S. —, 105 S.Ct. 1087, 1094, 84 L.Ed.2d 53 (1985). In that case the U.S. Supreme Court set forth three factors to be considered in determining whether the Due Process Clause of the Fourteenth Amendment requires that an indigent defendant be provided resources for the preparation of his defense. The factors are: (a) the private interest affected by the state's action; (b) the governmen-

tal interest that will be affected if the resource is provided; and (c) the probable value of the requested additional or substitute resource sought, and the risk of an erroneous deprivation of the affected interest, if the resources are not provided. In Ake, the requested services were the assistance of a psychiatrist after there was a preliminary showing that the defendant's sanity at the time of the offense was likely to be a significant issue at the trial, but there was no testimony for either side regarding his sanity. 105 S.Ct. at 1091. The Supreme Court held that due process required at a minimum that the defendant be provided access to a competent psychiatrist for appropriate examination and assistance in the evaluation, preparation and presentation of the defense. 1055 S.Ct. at 1097. The Court continued that this did not mean that the defendant had a constitutional right to choose his own psychiatrist or to receive funds to hire his own. Id.

While it is certainly possible that there may be situations in which, under the authority of Ake, the transcript of a civil case would have to be furnished to a defendant, this case is controlled by Britt v. North Carolina, 404 U.S. 226, 228–230, 92 S.Ct. 431, 434–35, 30 L.Ed.2d 400 (1971). In Britt, the court noted that there are two factors that are relevant to the determination of an indigent defendant's right to a free transcript of a prior proceeding. The court must consider the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and the availability of alternative devices that would fulfill the same functions as a transcript. In that case the defendant did not prevail because he conceded that he had an informal alternative available which "appear(ed) to be substantially equivalent to a transcript."

In this case the appellant had a copy of the victim's deposition which had apparently been taken prior to the civil litigation. The record indicates that defense counsel utilized the deposition in the cross-examination of the victim. Thus, there was another method available for the appellant to ascertain the substance of the testimony of the witness at the trial, and that method was

substantially equivalent to a transcript. Furthermore, by reference to the court's judgment or by discussions with counsel who were involved in that case, counsel could learn a great deal about the prior case.

The appellant has also failed to show the value of the transcript in connection with his trial. As the U.S. Supreme Court has pointed out, even in the absence of specific allegations, it can ordinarily be assumed that a transcript of a prior proceeding would be valuable to a defendant as a discovery device in preparation for trial and as a tool at trial for the impeachment of prosecution witnesses. *Id.*, 404 U.S. at 228, 92 S.Ct. at 434. Assuming, as we must, that the transcript would have had some value in that regard, it is clear that the deposition was a substantial equivalent.

There is another problem in this case that muddies the waters. What was sought here was not a transcript of a previous civil or criminal proceeding to which *the appellant* was a party. What was sought was a transcript of a civil suit in which *the victim* was the defendant. There is a serious question whether the trial judge could have ordered the preparation of the transcript at all. In civil litigation in Tennessee, the court reporter is an employee of the party who has employed him and the party for whom he works is the one who shall be responsible for his compensation. TCA § 20–9–103. Relying upon this section of our code, it has been held that the chancellor had no authority to order the transcript to be prepared at the cost of the defendants in the case over their objections. *Burns v. City of Nashville*, 142 Tenn. 541, 221 SW 828, 850 (1920). Our present rules provide that the appellant is the party responsible for the preparation of the record, Rule 24(b), T.R. A.P., subject to objections by the appellee, Rule 24(b), T.R.A.P., and subject to the approval of the judge who presided at the trial of the case. Rule 24(f), T.R.A.P. There is no provision for a non-party or a judge of another court to order a court reporter to prepare a transcript. In fact, there is no requirement that a court reporter be employed in a civil case and the rules

recognize that fact, Rule 24(c) and (d), T.R. A.P. Thus, there is a serious question as to whether the trial court had the power to order a private court reporter to prepare a transcript of the trial for use by a stranger to the proceeding. Be that as it may, there was no error in this case, since the appellant was armed with the substantial equivalent of the transcript. This issue has no merit.

In the second issue the appellant contends that the trial judge erred by denying his requests for special jury instructions concerning the crimes of obtaining personal property by false pretense, grand larceny and larceny from the person.

■ Only the failure to charge obtaining property by false pretense was assigned as an error in the motion for a new trial. Hence, any error in failing to give the other requested instructions was waived. Rule 3(e), T.R.A.P.

■ The appellant was indicted for armed robbery, an aggravated form of larceny. *Watson v. State*, 207 Tenn. 581, 341 SW2d 728, 729 (1960). Larceny and obtaining money by false pretenses are separate and distinct offenses. *State v. Gipson*, 656 SW2d 371, 373 (Tenn.1983). Thus, obtaining money under false pretenses is not a lesser included offense of larceny, or of armed robbery. To have given an instruction concerning that offense would have interjected an instruction regarding an offense for which the accused was not indicted and which is not a lesser included offense of the offense for which he was indicted. To have given the instruction would have been error. *State v. Lampkin*, 619 SW2d 520, 521 (Tenn.1981). The trial judge properly refused to give the requested instruction and this issue has no merit.

Finding no merit to either issue, the judgment is affirmed.

DUNCAN and DAUGHTREY, JJ., concur.