# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1999 SESSION

FILED

October 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9812-CC-00484 |
| Appellee, | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| JASON KENNEDY FRAZIER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Theft) |

FOR THE APPELLANT:

**THOMAS E. NANCE**
200 East Depot Street
P.O. Box 103
Shelbyville, TN 37162

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General and Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM MICHAEL McCOWN**
District Attorney General

**MICHAEL D. RANDLES**
Assistant District Attorney General
Bedford County Courthouse
One Public Square, Suite 100
Shelbyville, TN 37160- 3953

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY, JUDGE**

**OPINION**

A Bedford County jury found defendant guilty of theft of property over $1,000, a Class D felony. In this appeal as of right, defendant claims the evidence was insufficient to sustain the conviction. We find the evidence is sufficient to support the verdict and **AFFIRM** the judgment below.

**FACTS**

The defendant was a route salesperson for the Anderson Austin News Company (hereinafter "Anderson"), a magazine distributorship. His commission was based upon the value of his deliveries, reduced by the magazines returned to the distributorship. The fewer magazines returned, the more commission defendant would make.

Anderson became suspicious of defendant upon discovering a 100% increase in Kroger's sales. A sales manager followed defendant on April 10, 1998, and observed him throwing magazines in a dumpster near the Kroger store. The vice-president and two sales managers from Anderson retrieved the magazines from the dumpster and took them to the warehouse. They determined that the retail value of the magazines was $1,606.13. Kroger was credited $1,171.69, the amount they were charged for the discarded magazines. The men confronted the defendant, and he admitted dumping the magazines. Defendant was subsequently charged with theft of property over $1,000.

The jury charge included definitions for theft over $1,000, theft between $500 and $1,000, and theft under $500. The jury returned a guilty verdict of theft over $1,000.

2

## DEFENDANT'S CONTENTIONS

The defendant alleges the state failed to put forth sufficient evidence to prove the statutory elements of the offense. Defendant argues: (1) the property was taken with the consent of the owner, and (2) due to Anderson's 40-50% markup on the magazines, the value of the property was actually $900 or less and not the retail amount of $1,606.13.

## SUFFICIENCY OF THE EVIDENCE

When an appellant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

## ANALYSIS

### A. Consent

3

Defendant claims the state failed to prove the property was taken without the owner's consent.  At trial, the State presented testimony from the vice-president of Anderson and both of defendant's supervisors.  All three testified they never gave defendant permission to discard the magazines.  It is also apparent that Kroger did not give its consent to discard the magazines, since Kroger would suffer a loss of credit in excess of $1,000.

Prior law contained numerous separate offenses involving theft.  *See* Tenn. Code Ann. §§39-3-1103 (1982) (grand and petit larceny); 39-3-1106 (1982) (larceny from the person); 39-3-1112,1113 (1982) (receiving and concealing stolen property); 39-3-1118 (1982) (fradulent appropriation by one having custody); and 39-3-1121 (1982) (embezzlement).  The 1989 Criminal Code abolished the distinctions among these various offenses and denominated them as the single offense of "theft".  Tenn. Code. Ann. §39-14-101 (1997).  The actions of the defendant clearly constituted a theft under Tenn. Code Ann. §39-14-103 (1997).

## B.  Value of Property

Defendant also claims the value of the magazines, for purposes of the theft statute, should be the cost attributed to Anderson and not the retail value of the magazines.  Defendant elicited testimony from the company's office manager that there was a 40-50% markup on magazines over the company's cost.  The defendant claims this puts the value of the magazines at $900 or less, below that necessary to prove the charged offense.

The statutory definition of value is fair market value at the time and place of the offense.  *See* Tenn. Code Ann. §39-11-106(a)(36)(A)(i). The statute states that when the fair market value cannot be ascertained, the value is the cost of replacement.  *See* Tenn. Code Ann. §39-11-106(a)(36)(A)(ii).  The defendant maintains there is no way to determine the fair market value of the magazines.  He

4

argues that the magazines were not going to be resold, and even if they were, Anderson would only lose the amount they paid to purchase the magazines from the publisher.

Valuation is an issue for the jury, and there was sufficient evidence for the jury to determine the value of the property. Testimony indicated the retail value of the magazines was $1,606.13. If the defendant's crime had gone undetected, Kroger would have lost $1,171.69, since the discarded magazines would not be returned for proper credit. Furthermore, upon receiving the discarded magazines, Anderson issued Kroger a credit for this amount. Therefore, the jury heard sufficient evidence to conclude the defendant was guilty of theft of property over $1,000.

We further conclude that it is insignificant in this case whether Kroger or Anderson was actually the "owner" of the magazines. In any event there was clearly a theft over $1,000 in value. In addition, the allegation in the indictment that the property belonged to Anderson would not be a fatal variance even if Kroger were determined to be the "owner". *See* Stafford v. State, 489 S.W.2d 46, 47 (Tenn. Crim. App. 1972) (finding no fatal variance where owner named in indictment was agent, bailee or trustee of actual owner); *see generally* State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984).

We find no reason to disturb the verdict. The evidence was sufficient to sustain the conviction. Thus, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

5

**CONCUR:**


_____
**DAVID G. HAYES, JUDGE**



_____
**L.T. LAFFERTY, SENIOR JUDGE**