NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1285n.06

No. 11-5073

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Dec 13, 2012***

DEBORAH S. HUNT, Clerk

ANTONIO RAFAEL BUSH, )
       )
       Petitioner-Appellant, )
       )
       v. )
       )
STEPHEN DOTSON, WARDEN, )
       )
       Respondent-Appellee. )
       )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE: KEITH, MARTIN, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Antonio Bush appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Bush contends that the State of Tennessee's evidence was insufficient to support his conviction for especially aggravated robbery because property was taken not directly from the assault victim, but from the room of two family members who also lived in the home. Under Tennessee law, a robbery victim may include one who has a greater interest in the property than the robber. Because there was sufficient evidence of such an interest, there was sufficient evidence to convict Bush of aggravated robbery. The state appellate court did not unreasonably apply federal law, and the district court therefore properly denied habeas corpus.

The criminal charges against Bush resulted from an incident in which he and four other men broke into a house inhabited by Pascual Lopez-Blacos ("Lopez") and several of his family members

and friends. R.15-3-78, PageID# 335. After entering the house, two men entered the room where Lopez was sleeping next to his young daughter. *Id.* The men demanded "deniro" [sic] at gunpoint, and when Lopez claimed to have none, one of the men shot him in the leg. R.15-3-85–88, PageID #342–45. Although the various witnesses offered conflicting testimony, the jury concluded that it was Bush who shot Lopez.

Meanwhile, as the events unfolded in Lopez's bedroom, Bush's accomplices went through the other rooms in the house and took wallets from one of Lopez's nephews and a non-family-member. *See* R.15-4-101–02, PageID #1135–36. One or more of the men took a portable stereo from a room inhabited by another one of Lopez's nephews, Nicholas, and Nicholas's wife. *Id.* After the shooting, the group left the house. R.15-4-100, PageID #1134.

At trial, a jury convicted Bush of especially aggravated robbery, in addition to aggravated burglary and aggravated assault. R.15-6-113–14, PageID #601–02. Bush appealed his convictions to the Tennessee Court of Criminal Appeals, which affirmed his conviction and twenty-two year sentence. R.15-13, PageID #942. Among other contentions, Bush argued that there was an insufficient nexus between his assault of Lopez and the robbery—a showing necessary to establish an essential element of especially aggravated robbery. He claimed that the state failed to prove that he took property "from the person" of Lopez, as that statutory phrase has been interpreted by Tennessee courts. The Tennessee Court of Criminal Appeals disagreed, concluding that there was evidence that Bush stole property from a house that was owned by Lopez. The court also ruled in the alternative:

> Taken in the light most favorable to the state, a rational jury could conclude that Mr. Lopez had control of the house from which the defendant and his codefendants took the stereo and CD. Although Mr. Lopez was not present in the bedroom when the items were taken, case law demonstrates that he still constructively possessed them. Moreover, despite the fact that Mr. Lopez was not the owner of the items, he obviously had a greater right to their possession than the defendant. Thus, the evidence is sufficient to show a "taking" from the person of Mr. Lopez.

*Tennessee v. Bush*, No. M2002-02390-CCA-R3-CD, 2004 WL 794755, at *7 (Tenn. Crim. App. Apr. 14, 2004).

Bush applied to the Tennessee Supreme Court for permission to appeal the appeals court's judgment, and his application was denied. R.15-16, PageID #1034. His subsequent petition for post-conviction relief was also denied. R.15-18-84, PageID #936. He appealed this denial to the Tennessee Court of Criminal Appeals, which again affirmed the trial court order. R.15-22, PageID #848. Finally, the state Supreme Court denied his application for permission to appeal the denial of post-conviction relief. R.15-25, PageID #116.

After exhausting state remedies, Bush filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Tennessee. The case was subsequently transferred to the Middle District of Tennessee, which granted respondent warden's motion for summary judgment and accordingly denied Bush's petition. The district court largely adopted the opinion of the Tennessee Court of Criminal Appeals. Bush now appeals the district court's denial of his petition.

The Tennessee court's conclusion that there was sufficient evidence to convict Bush of aggravated robbery beyond a reasonable doubt is compelled by: (1) a state-law determination that

Mr. Lopez was the owner of the stereo for robbery purposes if he had a greater right to possess it than Bush, and (2) sufficient evidence that he had such a greater right.

The crime of especially aggravated burglary is "robbery as defined in § 39-13-401: (1) [a]ccomplished with a deadly weapon; and (2) [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-403(a). "Robbery" is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." *Id.* § 39-13-401. Theft of property, in turn, occurs when "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id.* § 39-14-103(a). An "owner" is someone, "other than the defendant, who has possession of or any interest . . . in property, even though that possession or interest is unlawful and without whose consent the defendant has no authority to exert control over the property." *Id.* § 39-11-106(a)(26).

The definitive legal reasoning of the Tennessee Court of Criminal Appeals in this case establishes that Lopez was sufficiently the owner of the stereo for robbery purposes if he had a greater right to possess it than Bush:

> "[E]vidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee, trustee, or otherwise having only a special interest, and not a general ownership of the property." *Jones v. State*, 166 Tenn. 102, 102, 59 S.W.2d 501, 501 (1933). In determining whether a defendant has been in possession of drugs or stolen property, this court has held that "possession means control." *See Peters v. State*, 521 S.W.2d 233, 235 (Tenn. Crim. App. 1974). Other jurisdictions have held that "possession" can be established simply by showing that the victim has a greater right to the property than the defendant. *See State v. McColl*, 813 A.2d 107, 127 (Conn. Ct. App. 2003); *State v. Coburn*, 556 P.2d 382, 387 (Kan. 1976); *State v. Cutwright*, 626 So.2d 780, 784 (La. Ct. App. 1993); *State v. White*, 702 A.2d 1263, 1270 (Mary. App. 1997); *People v. Needham*, 155 N.W.2d 267, 270 (Mich. Ct. App. 1967); *Gray*

> *v. State*, 797 S.W.2d 157, 161 (Tex. Ct. App. 1990); *see also State v. John Wayne Singleton*, No. 1, Decatur County (Tenn. Crim. App. Sept. 2, 1987), *app. denied* (Tenn. Nov. 16, 1987) (noting in an armed robbery case that the cashier had a right of possession "superior" to that of the defendant).

*Tennessee v. Bush*, M2002-02390-CCA-R3CD, 2004 WL 794755, at *7 (Tenn. Crim. App. Apr. 14, 2004). While the Tennessee courts could have concluded that "ownership" requires the type of title that is good against all other claimants, there was no federal constitutional requirement that ownership be defined that way, and there is moreover no Tennessee precedent cited to us that would compel such a narrow state-law interpretation.

The Tennessee court has the power to interpret Tennessee law, at least where the law has not already been clearly interpreted to the contrary. *See Jenkins v. Dailey*, 348 F. App'x 114, 119–22 (6th Cir. 2009). Tennessee cases say that, for aggravated robbery purposes, a night watchman possesses property of the owner of the building being robbed, even though the night watchman has no personal possessory interest. *See Jones v. Tennessee*, 383 S.W. 2d 20, 24 (Tenn. 1964). The greater property interest that the night watchman had was presumably the authority to keep a burglar from taking property in the building.

Moreover, it can hardly be argued that there was not sufficient evidence that Lopez had a greater right to possession of the stereo than Bush. A rational trier of fact could have concluded that Lopez had a sufficient right to actual or constructive possession of his nephew's stereo by virtue of a co-tenant's or family member's greater interest in property than that of an intruder.

Our review of the denial of a habeas petition is limited by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Bigelow v. Williams*, 367 F.3d 562, 569–70 (6th Cir. 2004). We

may grant the petition only if, for the purposes of this case, the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). A judgment is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Terry Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision results in an unreasonable application of clearly established federal law "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). For a state court decision to violate this provision, it must be "objectively unreasonable." *Id.* "[A]n unreasonable application is different from an incorrect one," and the federal habeas court may not substitute its judgment for that of the state court. *Id.* For a federal habeas court to satisfy the standard set by AEDPA, the state's decision must be "so clearly incorrect that it would not be debatable among reasonable jurists." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). *Jackson v. Virginia*, 443 U.S. 307 (1979), sets forth the standard for reviewing the sufficiency of the evidence in support of a conviction. *Id.* at 318. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).

This means that in AEDPA sufficiency-of-the-evidence cases there is "double" deference. Habeas relief requires us to determine that the state court's application of the deferential *Jackson* standard was itself unreasonable. The Tennessee court was not unreasonable in concluding that the co-tenant uncle had the right to keep an armed intruder from taking his nephew's stereo.

The district court's judgment denying habeas corpus relief is affirmed.