FILED
06/01/2017
Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2017 at Knoxville

## STATE OF TENNESSEE v. RAFAEL ANTONIO BUSH

**Appeal from the Circuit Court for Rutherford County**
**No. F-50300B     David M. Bragg, Judge**

_____

### No. M2016-01537-CCA-R3-CD

_____

The Appellant, Rafael Antonio Bush, appeals as of right from the Rutherford County Circuit Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The gravamen of the Appellant's complaint is that the trial court improperly enhanced his sentences based upon judicially determined facts in violation of Blakely v. Washington, 542 U.S. 296 (2004). Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Rafael Antonio Bush, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; and Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case arises from five men breaking into the home of Pascual Lopez-Blacos, an undocumented immigrant, demanding money from him, and shooting him in the leg. State v. Rafael Antonio Bush, No. M2002-02390-CCA-R3-CD, 2004 WL 794755, at *1 (Tenn. Crim. App. Apr. 14, 2004), perm. app. denied (Tenn. Oct. 4, 2004). For his participation in these acts, a Rutherford County jury convicted the Appellant of especially aggravated robbery, a Class A felony; aggravated burglary, a Class C felony; and aggravated assault, a Class C felony. Tenn. Code Ann. §§ 39-13-102, -13-403, -14-403.

The trial court sentenced him as a Range I, standard offender to twenty-two years for the robbery conviction, four years for the burglary conviction, and four years for the assault conviction, all to run concurrently. In determining the length of the Appellant's various sentences, the trial court applied four enhancement factors: (1) the defendant had a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) the defendant was a leader in the commission of the offense; (3) the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (4) the defendant "intentionally select[ed] the person against whom the crime is committed . . . in whole or in part because of the actor's belief or perception regarding the race, religion, color, disability, sexual orientation, national origin, ancestry or gender of that person[.]" Bush, 2004 WL 794755, at *21 (citing Tenn. Code Ann. § 40-35-114(1), (2), (8), (22)[1] (Supp. 2001)). The trial court did not apply any mitigating factors. Id.

The Appellant appealed to this court, arguing, among other things, that the evidence was insufficient to support his convictions and that his twenty-two-year sentence for especially aggravated robbery was excessive. Bush, 2004 WL 794755, at *5-8, *20-22. We affirmed the Appellant's convictions and sentence. Id. at *1, *23. In affirming enhancement of the Appellant's twenty-two-year sentence for especially aggravated robbery, this court reasoned as follows:

> [W]e conclude that the [Appellant's] twenty-two-year sentence for especially aggravated robbery is proper. The [Appellant] does not argue that the trial court improperly applied enhancement factors or that it failed to consider applicable mitigating factors. Instead, he contends that he should have received no more than the presumptive sentence of twenty years because of his codefendants' involvement in the crimes. However, given that the trial court determined four enhancement factors applied in this case, we believe the trial court's enhancing the sentence from twenty to twenty-two years was justified.

Id. at *22.

Subsequently, the Appellant filed a petition for post-conviction relief in May 2005, alleging that trial counsel was ineffective for failing to request that the jury be instructed about accomplice testimony. Rafael Antonio Bush v. State, No. M2005-02967-CCA-R3-PC, 2006 WL 2682825, at *1 (Tenn. Crim. App. Sept. 7, 2006), perm. app. denied (Tenn. Dec. 27, 2006). After a hearing, the Appellant was denied relief, and this court affirmed the post-conviction court's judgment. Id.

---

[1] Factor (22) as applied to the Appellant is currently designated number (17) in the statute. All other factors remain numbered the same.

Next, the Appellant filed a petition seeking habeas corpus relief in federal court on May 24, 2007. Antonio Bush v. Stephen Dotson, Warden, No. 3:07-00630, 2010 WL 3211464, at *1 (M.D. Tenn. Aug. 11, 2010), aff'd, 508 F. App'x 472 (6th Cir. 2012). In his habeas petition, the Appellant made the following allegations: (1) the State knowingly presented false testimony by two witnesses; (2) the State withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) his sentences were improperly enhanced based on facts not found by a jury; (4) he was denied the effective assistance of counsel; (5) he was denied due process when the state court allowed testimony about his alleged prior bad acts unrelated to the case; and (6) the evidence at trial was insufficient to support a conviction. Id. However, the Appellant, in his motion for summary judgment, limited his argument to a challenge of the sufficiency of the evidence supporting his especially aggravated robbery conviction, and the district court deemed his remaining claims abandoned. Id. at *1, *7. Thereafter, the district court denied the Appellant relief, concluding that the "Tennessee Court of Criminal Appeals reasonably concluded that Lopez-Blacos constructively possessed the property taken by [the Appellant] while Lopez-Blacos was in [the Appellant's] custody." Id. at * 10. The Sixth Circuit affirmed the district court's denial of habeas corpus relief. 508 F. App'x at 473, 476.

On April 24, 2014, the Appellant filed a motion to reopen his state court post-conviction petition "pursuant [to] T.C.A. § 40-30-117(a)(1), § 40-35-401 (Appeal of Sentence) and Rule 36.1 to Correct the Illegal Sentence imposed upon him on December 13, 2001 by the Circuit Court for Rutherford County, Tennessee." State v. Rafael Antonio Bush, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *1 (Tenn. Crim. App. Dec. 18, 2104), perm. app. denied (Tenn. Mar. 12, 2015). The post-conviction court issued an order on May 8, 2014, denying the Appellant's motion to reopen as follows:

> The [Appellant], Antonio Bush, filed a pro se Motion to Reopen Petition for Post Conviction Relief Pursuant to 36.1 Correction of Illegal Sentence on April 24, 2014. The motion is based on the allegation that under T.C.A. 40[-]30-1[17] he is entitled to have his petition reopened based on what he claims is an illegal sentence. The court finds that there are not new constitutional grounds to reopen the [Appellant's] petition for post conviction relief. Therefore, the motion is DENIED.
>
> Pursuant to T.C.A. § 40-30[-]117(a), a court may reopen a petitioner [sic] for post conviction relief if the petition was based upon a final ruling of the highest state appellate court or the United States Supreme Court that established a constitutional right that was not recognized at the time of trial and retrospective application of that right is required. The motion must be

filed within one year of the ruling of the highest state appellate court or US Supreme Court.

The [Appellant] relies upon Rule 36.1 and the rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Cunningham v. California, [549 U.S. 270] (2007), and State v. Gomez, 239 S.W.3d 733, 736 (Tenn. 2007). The [Appellant] asserts that those cases state that the federal constitution's jury trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum, based on facts other than prior convictions, not found by a jury or admitted to by the defendant.

While we agree with the [Appellant's] assertion of the law in those cases, the decision in Gomez, the last case decided, was issued on October 9, 2007, therefore, the statute of limitations to apply for a re-opening of a petition for post conviction relief based on this ruling ended on October 9, 2008. Therefore, the [Appellant's] motion was not timely filed, and it is not necessary for the court to further analyze the validity of the [Appellant's] claim. The court would note that the new constitutional right to have a jury find a fact that would increase the maximum sentence for a defendant besides prior convictions was created by the Court's holding in Apprendi which was issued on June 26, 2000, almost fourteen (14) years before the [Appellant] has [sic] filed this Motion.

There is nothing in the language of Tenn. R. Crim. P Rule 36.1 to indicate that it is a new constitutional right. Rule 36.1, which allows for the correction of illegal sentences, says that the proper format to amend such a sentence is by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered, not to file a Motion to Reopen a Petition for Post Conviction Relief.

Therefore, the [Appellant's] motion to reopen the Petition for Post Conviction Relief is DISMISSED.

Id. at *1-2 (additional alterations added).

On appeal to this court, the Appellant contended that the post-conviction court abused its discretion when it denied his motion to reopen his petition, relying upon Blakely v. Washington, 542 U.S. 296 (2004), to establish his entitlement to relief. Bush, 2014 WL 7204637, at *2. First, this court confirmed that the Appellant's claims did not meet the criteria of Tennessee Code Annotated section 40-30-117 for reopening a previous petition. Id. at *3. Next, this court agreed with the post-conviction court's conclusion that Blakely and its progeny did not afford relief to the Appellant. Id. at *3.

-4-

In making this second determination, we reasoned as follows:

The [Appellant] titled his motion as a motion to reopen his petition for post-conviction relief, however, in his petition, he refers to Tennessee Rule of Criminal Procedure 36.1. This rule provides:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added).[2] Prior to the adoption of this Rule, petitioners generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

---

[2] On July 1, 2016, Rule 36.1 was amended, replacing the original text of the rule in its entirety.

Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

The [Appellant's] claim of a Blakely violation, if true, would not render the judgment void. See Duane M. Coleman v. State, M2012-00848-CCA-R3-PC, 2013 WL 948430, at *3 (Tenn. Crim. App. Mar. 11, 2013); Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App. May 1, 2007). Because a Blakely violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment, the [Appellant] has failed to state a colorable claim for relief.

Id. at *3-4 (footnote and additional alterations added). Accordingly, we determined that the post-conviction court properly denied the Appellant's motion to reopen his post-conviction petition. Id. at *4. Our supreme court denied the Appellant's permission to appeal on March 12, 2015.

The litigious Appellant then filed a twenty-nine-page Rule 36.1 motion to correct an illegal sentence on May 9, 2016. Because the Appellant's pro se filings are generally rambling and incoherent, it is impossible for this court to discern the exact nature of the various issues raised. As the State notes, the Appellant "presents a dizzying constellation of arguments in support of his appeal." We will do our best to undertake a review of the issues as we perceive them.[3]

His "Argument One" section primarily focuses[4] on whether his sentences were illegally enhanced under Blakely v. Washington, 542 U.S. 296 (2004), because a jury did

---

[3] Due to the lack of clarity, we will quote to the Appellant's arguments without redaction.

[4] In this section, the Appellant also discusses the following: the trial court's failure to issue certain jury instructions; whether the indictment was required to provide him with notice of the "aggravated circumstances" on which the State sought to rely for enhancement; that the State did not file any prior judgment of convictions at the sentencing hearing as obliged; and various clerical errors in the judgment forms.

not find the applicable enhancement factors.[5]   Specifically, he makes multiple, yet unclear, statements to that effect.  For example:

> The trial court found this [A]ppellant to be a Standard Offender Range I but made independent findings of element of the crime upon which the jury never heard to support his enhancement of the conviction from the 1989 Sentencing Guideline minimum sentence requirements of 15 years.
>
> [The Appellant] has demonstrated his claims were in the pipeline at the time Blakely (2004) decision . . . .

Next, the Appellant's "second argument" alleges that the trial court, at the sentencing hearing,[6] improperly relied upon an out-of-court statement by a co-defendant that implicated the Appellant in prior bad acts.  He states, "The testimony given under oath however taken as substantive evidence, is an improper statements used for purposes of sentencing enhancement factors."  He again cites to Blakely:

> [The Appellant] argues that his petition's was timely filed within the pipe-line of the controlling case . . . Blakely . . . arguing his illegal sentence/judgment in his post-conviction but to no avail the trial court failed to address this [A]ppellant Blakely claim and thereby denied [A]ppellant an opportunity to have the post-conviction claim heard.

The Appellant, in this section of his motion, also raises a general challenge to the sufficiency of the evidence supporting his especially aggravated robbery conviction: "The [S]tate failed to establish ownership of the property taken as it was alleged in the

---

[5]   The Appellant also cites to the usual suspects:  Apprendi v. New Jersey, 530 U.S. 466 (2000); Cunningham v. California, 549 U.S. 270 (2007); and State v. Gomez, 239 S.W.3d 733 (Tenn. 2007).  He also argues that Alleyne v. United States, --- U.S. ---, 133 S.Ct. 2151, 2162 (2013), established a new constitutional rule of law to be applied retroactively.  For purposes of the Sixth Amendment's right to a jury trial, the United States Supreme Court, in Alleyne, determined that, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."  133 S.Ct. at 2162. Thus, "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" which must be proven beyond a reasonable doubt to a jury, regardless of whether those facts increase the statutory maximum or mandatory minimum of the sentencing range.  Id. at 2160 (quoting Apprendi, 530 U.S. at 490).  The Appellant's sentences were not aggravated as discussed in Alleyne.

[6]  He also makes some vague references to admission of various statements at trial.

indictment."[7]  He then relates this sufficiency argument to improper findings of facts by the trial court at sentencing and submits that several enhancement factors were not established by the evidence.

Less than ten days later, he filed a thirty-page amended motion, likewise as unintelligible as the first.  Here, as "argument two," the Appellant asserts that his "illegal sentence was based upon illegally considered evidence which infected the sentencing guidelines for which the trial court relied upon."  This section again questions the sufficiency of the evidence and raises issues of ineffective assistance of counsel.  He incorporates new allegations of a fatal variance between the indictment and the proof at trial; a constructive amendment to the indictment took place without his consent; the offenses were improperly consolidated; the trial court failed to issue a lesser-included offense instruction; a double jeopardy violation occurred; and a vague breach of contract claim.  The Appellant seemingly implies that, in light of these errors,[8] this court should consider his "Blakely claim as timely."  He then restates his Blakely argument, with similar specifics as presented in the first motion.[9]

In an order filed June 20, 2016, the trial court denied relief.  Specifically, the trial court stated, "The [c]ourt finds the sentence imposed was authorized by the applicable statutes, does not directly contravene an applicable statute and is not illegal.  The sentence has previously been reviewed and affirmed by the Tennessee Court of Criminal Appeals in 2004 and 2006."  It is from this judgment that the Appellant now appeals.[10]

---

[7]  Moreover, the Appellant asserts in this section that trial counsel was ineffective for failing to review materials with him, failing to adequately communicate with him, failing to investigate the case, and failing to plead a defense of abandonment.  He also references the doctrine of subrogation ambiguously relating it to trial counsel's performance.  Additionally, he again states that the trial court failed to issue certain jury instructions, relating several of these arguments to the sufficiency of the convicting evidence.  He even incomprehensibly cites to the thirteenth juror rule in this section.

[8]  Again, we are attempting to give meaning to the nonsensical.

[9]  Throughout this entire section, the Appellant also makes a general allegation that he was denied access to various records.  However, this claim is not evinced by the appellate filings.  The Appellant has filed multiple exhibits with his brief, including copies of the direct appeal opinion, the indictment, the judgment forms, the jury instructions, the sentencing hearing transcript, documents from his prior post-conviction and habeas proceedings, a transcript of the post-conviction hearing, and portions of the record from his trial.

[10]  The State submits that we should dismiss the appeal as untimely.  Although there is no certificate of service or affirmation regarding when the Appellant mailed the notice of appeal document, he states in a separate letter that he sent the notice of appeal document on July 19, 2016, which would have been within the prescribed time period.  He further insists that this was the second time he mailed such a document.

On appeal, the Appellant's brief consists of roughly forty-three pages of single-spaced incoherent narrative, run-on sentences, sentence fragments, and a passionate recitation of reasons why the trial court erred by summarily denying his Rule 36.1 motion.[11] He frames the argument on appeal as follows: "whether court erred finding sentences [were] not based upon illegally considered evidence which infected the sentencing guidelines for which trial court relied upon?" However, he again incorporates in his appellate brief many of the inarticulate claims detailed above. Accordingly, we will briefly dispense with the three primary arguments the Appellant has presented throughout his filings—sufficiency of the evidence, ineffective assistance of counsel, and a Blakely violation.

We hold that the trial court properly denied the Rule 36.1 motion for two reasons. First, the claims raised by the Appellant in the Rule 36.1 motion have been previously rejected in numerous post-conviction relief and habeas corpus appeals. Bush, 2004 WL 794755, at *5-8, *20-22 (deciding that the evidence was sufficient to support the Appellant's convictions for especially aggravated robbery, aggravated burglary, and aggravated assault and that, given the trial court's application of four enhancement factors, enhancement of the Appellant's especially aggravated robbery sentence from twenty to twenty-two years was justified); Bush, 2006 WL 2682825, at *2-4 (rejecting the Appellant's allegation of ineffective assistance of counsel); Bush, 2010 WL 3211464, at *6-10 (concluding that federal habeas corpus relief was unwarranted because the evidence was sufficient to support the Appellant's especially aggravated robbery conviction); Bush, 508 F. App'x at 474-76 (affirming the district court's conclusion regarding the sufficiency of the convicting evidence); Bush, 2014 WL 7204637, at *3-4 (concluding that the criteria necessary to reopen a prior post-conviction petition were not present and determining that Rule 36.1 did not provide the Appellant relief "[b]ecause a Blakely violation does not meet the Rule 36.1 definition of an illegal sentence").

"[I]ssues previously litigated and decided by a court of competent jurisdiction ordinarily need not to be revisited." State v. Jefferson, 31 S.W.3d 558, 561 (Tenn. 2000). Although "[t]here are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal," none of those circumstances exist here. See id. There was no evidence presented in support of the motion that was "substantially different" from the evidence in the prior proceedings, the prior opinions issued by this court were not "clearly erroneous" nor "would [those opinions] result in a

While there are some irregularities and the timeliness of the appeal is questionable, we decline the State's invitation to dismiss the pro se Appellant's notice of appeal document.

[11] The State correctly notes that the Appellant's brief does not comport with the proper form as outlined in Tennessee Rule of Appellate Procedure 30(a).

manifest injustice if allowed to stand," and there has been no "change in the controlling law" which has occurred during the time of the multiple appeals. See id.

The Appellant ostensibly contends that there was a change in the controlling law during the time of his multiple appeals, arguing that his Blakely claim should afford him relief because his case was in the "pipeline" at the time Blakely was decided. We note that the Blakely case was decided after this court issued its direct appeal opinion in the Appellant's case. Regardless, our court has repeatedly held that Blakely did not establish a new rule of constitutional law that was entitled to retroactive application on collateral review because it was only a clarification of the rule announced in Apprendi. Ira Ishamael Muhammad v. State, No. E2007-00748-CCA-R3-PC, 2009 WL 400633, at *5 (Tenn. Crim. App. Feb. 18, 2009); Ortega Wiltz v. State, No. M2006-02740-CCA-R3-CD, 2008 WL 1850796, at *9 (Tenn. Crim. App. Apr. 25, 2008); Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App. May 1, 2007). Accordingly, there is no reason for this court to revisit this issue.

Second, even taking the Appellant's allegations as true and viewed in the light most favorable to him, his motion fails to state a cognizable claim for relief under Rule 36.1. A Rule 36.1 motion to correct an illegal sentence is not the proper mechanism by which to challenge the sufficiency of the evidence or the effectiveness of trial counsel. State v. Bobby Waddle, No. E2015-02310-CCA-R3-CD, 2016 WL 3410307, at *2 (Tenn. Crim. App. June 14, 2016) (holding that a claim of insufficient evidence would not affect the legality of the appellant's sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding); State v. Markhayle Jackson, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at * 2 (Tenn. Crim. App. May 31, 2016) (finding the appellant's claim he received ineffective assistance of counsel was not a fatal error that would render his sentence void or illegal). Importantly, a Blakely violation would not render a judgment void and does not meet the definition of an illegal sentence under Rule 36.1. State v. James Ronald Rollins, No. E2016-00186-CCA-R3-CD, 2016 WL 5920752, at *3 (Tenn. Crim. App. Aug. 16, 2016), perm. app. denied (Tenn. Jan. 19, 2017); State v. Joseph B. Thompson, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. May 10, 2016); State v. Tony Samuel, No. W2014-02085-CCA-R3-CD, 2015 WL 12978636, at *3 (Tenn. Crim. App. July 21, 2015); Bush, 2014 WL 7204637, at *4.

Further, this court addressed the issue of the Appellant's sentence on direct appeal and concluded that his sentence was proper.[12] The Petitioner received within-range sentences for his three convictions, and there is nothing illegal about those sentences.

---

[12] The Appellant frequently cites to State v. Curtis Keller, W2012-00825-CCA-R3-CD, 2013 WL 3329032 (Tenn. Crim. App. June 27, 2013), in support of his argument that his sentences are illegal. However, in that case, the defendant's conviction for especially aggravated burglary was reduced to a

-10-

Accordingly, the trial court properly denied the Appellant's Rule 36.1 motion without a hearing. Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

conviction of aggravated burglary, and a new sentence of fifteen years was imposed. 2013 WL 3329032, at *6. The rationale provided was that "it was plain error for the defendant to be convicted of both especially aggravated burglary and attempted especially aggravated robbery based on the same act of causing serious bodily injury to victim Andrew Morrow." Id. We fail to see how this holding has any application to the Appellant's case.